IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANDRE BUCHANAN,** )<br>)<br>    **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**BAHAMA BOB'S BEACHSIDE CAFE,** )<br>**INC.,** *et al.,* )<br>)<br>    **Defendants.** ) | **CIVIL ACTION NO. 16-0490-KD-N** |

**ORDER APPROVING SETTLEMENT AGREEMENT**

This action is before the Court on the parties' Joint Motion to Approve of Settlement Agreement (doc. 23). Upon consideration, and for the reasons set forth herein, the Joint Motion is GRANTED, and the settlement is APPROVED.

I. Background

Plaintiff Andre Buchanan was employed at Bahama Bob's Beachside Café at Gulf Shores, Alabama as a dishwasher and busser. In late September 2016, he filed this action against Defendants Bahama Bob's Beachside Café, Inc., Stephen W. Spellman, Jr., Frank B. Merrill, Jr., and Robert L. Murphy for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* (FLSA) (doc. 1). Plaintiff alleges that he was a "non-exempt", hourly employee and was paid $8.00 per hour from July 14, 2015 through June 8, 2016 and $9.00 per hour from June 9, 2016 through September 10, 2016. Plaintiff alleges that when he worked more than forty hours per week, he was paid his regular hourly rate of pay plus $1.00, instead of the one and one-half times his regular hourly rate required by the FLSA. Plaintiff brings two counts against the Defendants: Count I for failure to pay the required hourly minimum wage and Count II for failure to pay overtime compensation. *See* 29 U.S.C. § 206, § 207. Plaintiff seeks his unpaid compensation,

liquidated damages, attorney's fees, costs and other compensation.

Defendants admit that Bahama Bob's Beachside Café, Inc. employed Plaintiff for the time period alleged, that he was a non-exempt employee, and that they are incorporators or officers of the corporation (doc. 4). Defendants also admit that this Court has jurisdiction. However, they deny the majority of the remaining allegations regarding the FLSA claims, including any claim that they acted willfully within the meaning of 29 U.S.C. § 216(b). They also set forth eleven affirmative defenses, including the defense that Defendants were acting in good faith and had reasonable grounds to believe that their actions did not violate the FLSA.

The parties engaged in discovery as required by the Court's Preliminary Scheduling Order for FLSA Cases (doc. 6). Plaintiff answered the Court's interrogatories (doc. 10). Defendants provided the Verified Summary of the hours Plaintiff worked and his pay and documents in support (doc. 18, 19). Plaintiff and counsel discussed his overtime claim and formulated proposed settlement figures (doc. 23). The parties engaged in settlement negotiations based on their respective independent calculations and analysis. They participated in a settlement conference on January 31, 2017 and reached a resolution of Plaintiff's claims (do. 21).

The parties then filed the Joint Motion wherein they set forth the terms of the Settlement and move the Court to approve the Settlement Agreement (doc. 23). The parties did not file a separate written settlement agreement.

In reaching their decision to settle, the parties recognized that there would be additional expense in time and money should the litigation continue and that they would face the uncertainty and risks of litigation, including the risk that Plaintiff may not recover and the risk of a verdict on the merits against the Defendants. They also acknowledged the difficulties and delays inherent in litigation. Therefore, settlement was a mutually appealing resolution (doc. 23).

They assert that because of these risks, and because both parties negotiated the Settlement Agreement in good faith and at arms-length while represented by competent and experienced counsel, the settlement is mutually satisfactory and a fair and reasonable resolution of a bona fide dispute under the FLSA. In support, Plaintiff states that he is satisfied that he will be reasonably compensated. Further, Plaintiff's counsel represents that Plaintiff understands the Agreement, has consulted with counsel as to the terms, and knowingly and voluntarily entered into the Agreement.

II. Analysis

In *Lynn's Food Stores*, the Court of Appeals for the Eleventh Circuit recognized that

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

679 F.2d 1350, 1352–1353 (11th Cir. 1982); (footnotes omitted).

The Eleventh Circuit further explained that

> [o]ther than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

679 F.2d at 1355.

Thus, pursuant to the FLSA, the Court must determine whether the settlement is a "fair

and reasonable resolution of a bona fide dispute" of FLSA provisions, and if so, approve the parties' Settlement Agreement. 679 F.2d at 1355; *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (N.D. Ala. 2003). If the Plaintiff has compromised his FLSA dispute on issues of coverage or the amount due for back wages, he may do so only with the Court's approval of the Settlement Agreement. The rationale is that

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

Also, the Eleventh Circuit has stated that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva,* 307 Fed. Appx. at 351 (citation omitted).  Therefore, the Court must determine whether the parties have a bona fide dispute over FLSA provisions and then determine whether their proposed Settlement Agreement is a fair and reasonable resolution of that dispute.

    A. <u>Bona fide dispute over FLSA provisions</u>

Section 216(b) of the FLSA provides that " ... [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages..." 29 U.S.C. § 216(b).

"[T]he FLSA obligates employers to compensate employees for hours in excess of 40 per

week at a rate of 1 ½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.,* 132 S. Ct. 2156, 2162 (2012) (citation omitted).  Section 207 is captioned "Maximum Hours" and paragraph (a)(1) states as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

The FLSA also obligates an employer to pay a certain minimum wage. Section 206 is captioned "Minimum Wage" and in relevant part, provides $7.25 per hour was the minimum wage during the time period at issue.  29 U.S.C. § 206(a)(1)(C).

Upon review of the complaint and answer (docs. 1, 4) and the parties' representations in the Joint Motion (doc. 23), the Court finds that there is a "bona fide dispute" over FLSA provisions.  Specifically, the parties dispute whether Plaintiff was compensated for overtime at the proper overtime rate, whether Defendants acted willfully within the meaning of 29 U.S.C. § 216(b), and whether the Defendants acted in good faith.   The parties also state that there was a bona fide dispute regarding Defendants' entitlement to a tip credit and off-the-clock work performed during the relevant time period of employment.

### B. Fair and reasonable settlement

The Court must determine whether Plaintiff's compromise and settlement of his claims is fair and reasonable. *Lynn's Food Stores,* 679 F.2d at 1352-1355. In *Silva,* the Eleventh Circuit explained that the FLSA imposes "a duty to review the compromise" of an FLSA claim. 307 Fed. Appx. at 352. As a framework, the Court may consider the following factors: "1) the

existence of fraud or collusion behind the settlement; 2) the complexity, expense, and likely duration of the litigation; 3) the stage of the proceedings and the amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel." *Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010) (finding that the factors for evaluating the fairness of a settlement in a class action were applicable in an FLSA action); *Mason v. Wyndham Vacation Ownership, Inc.*, 2012 WL 570060 (M.D. Fla. Feb. 17, 2012) (same); *Lewkowicz v. F&J's Caffe Italia, LLC*, 2016 WL 3438750, at *2 (M.D. Fla. June 23, 2016) (same). With the foregoing in mind, the Court now reviews the terms and provisions of the Settlement Agreement.

    1. <u>Compromise of the FLSA Claim</u>

In the complaint, Plaintiff claimed that he was owed unpaid wages and liquidated damages, but did not specify an amount (doc. 1).  However, in Plaintiff's answer to the Court's interrogatories, he stated that he worked approximately "30 hours of overtime per week . . . for a total of approximately 1,890 overtime hours" over the fifteen-month period he was employed by Defendants (doc. 10, p. 3).  Plaintiff stated that he could not "provide an exact estimate" of the amount due "without reviewing [his] payroll records which are in the possession of the Defendants" but estimated that he was owed $6,480.00 for unpaid wages and thus, $6,480.00 for liquidated damages for a total of $12,960.00 (*Id.*).

After review of Defendants' payroll records and the Verified Summary (docs. 18, 19), the parties represent that Plaintiff's estimated potential recovery should the action have been tried, would be $2,800.27 in back pay and $2,800.27 in liquidated damages for a total of $5,600.54 (doc. 23).  Defendants offered this amount as compensation and Plaintiff accepted the offer.  Plaintiff agrees that this amount will compensate him for every overtime hour during his

employment with Defendants and for liquidated damages.[1] The parties provided an explanation of the method used to calculate Plaintiff's potential recovery (doc. 23, p. 6).

Overall, there does not appear to be any evidence of collusion or fraud. Therefore, this factor weighs in favor of approving the settlement. Upon consideration of the remaining factors - the complexity, expense, and likely duration of the litigation should the action proceed to trial, the stage of the proceedings and the amount of discovery completed (the action was settled soon after the Plaintiff answered the interrogatories and the Defendants provided the Verified Summary and supporting documents), the probability of plaintiff's success on the merits in the face of Defendants' affirmative defenses, and the range of possible recovery (from zero to $5,600.54 as represented by the parties to be the amount that could be proven at trial based on the payroll records available) - the Court finds that these factors also weigh in favor of approving the Settlement Agreement. As to the last factor, the opinions of counsel, the Court finds that this factor also weighs in favor of approving the Settlement Agreement. Competent and experienced attorneys represent the parties, and they have expressed their opinion that the settlement is fair and reasonable.

2. Scope and Terms of the Settlement Agreement

The Court finds that the Settlement Agreement does not contain any of the disfavored provisions that frequently encumber approving a FLSA settlement agreement. For example, the Settlement Agreement does not contain a pervasive release provision, a confidentiality provision, or a waiver of future employment. Moreover, the parties affirm to the Court that there are no

---

[1] Although Plaintiff brought Count I alleging a violation of the FLSA provision requiring payment of a minimum wage, the Settlement Agreement appears to focus on Count II alleging a violation of the FLSA overtime provisions. However, Plaintiff is represented by counsel. Therefore, the Court will take Plaintiff at his word that this amount will compensate him.

other terms that have not been stated in the Settlement Agreement (doc. 23, p. 8).

   3. <u>Attorney's Fees and Costs</u>

  The FLSA requires that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In this circuit, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. Appx. at 352; *Czopek v. Tbc Retail Group., Inc.*, 2016 WL 7116112, at *5 (M.D. Fla. Nov. 7, 2016), *report and recommendation adopted,* 2016 WL 7104187 (M.D. Fla. Dec. 6, 2016) (same). As part of the review, the Court should consider whether the attorney's fees were negotiated separately and apart from the Plaintiff's settlement of the FLSA claims. *See Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (where there is a reasonable basis for compromise and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees, . . . there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

  In the Joint Motion, the parties state that they "discussed attorney's fees and costs only after coming to an agreement that fully compensated the Plaintiff's claims" (doc. 23, p. 6). Thus, the Court finds no reason to believe that the compromise of Plaintiff's claim for unpaid overtime wages was affected by any conflict of interest created by the negotiation for attorney's fees and costs to be paid to his counsel.

  The parties agreed to an attorney's fee of $7,000.00 plus costs of $500.00. The parties state that Plaintiff's counsel spent approximately twenty hours in this action and bills at the rate

8

of $350.00 per hour, which yields a total of $7,000.00 (*Id.*, p. 7).  Generally, the Court conducts a lodestar analysis as part of its review of the reasonableness of a FLSA attorney's fee. *See Norman v. Alorica*, 2012 WL 5452196, at *2 (S.D.Ala. Nov. 7, 2012).  To do so "courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services. These amounts are multiplied together to determine the so-called 'lodestar.'" *Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 Fed Appx. 684, 686 (11th Cir. 2011) (internal citations omitted). The district court may consider the twelve factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), when determining the reasonable hourly rate and reasonable hours expended.

As to the number of hours reasonably expended, Plaintiff's counsel failed to provide the Court with a detailed statement of the work performed during the twenty hours.  However, the parties did state that "Plaintiff's counsel expended extensive time studying Defendants' voluminous records, as well as time negotiating with Defendants and preparing damages calculations" (doc. 23, p.7). Based upon the Court's own experience,[2] the Court finds that twenty hours is justified for the work performed in this action.  In addition to the above, Counsel would have spent time communicating with Plaintiff. Also, the docket shows that Counsel filed the complaint and prepared responses to the Court's interrogatories.  Therefore, the Court finds that the hours expended and the work performed was reasonable.

As to the customary hourly rate for similar legal services, Plaintiff's counsel failed to provide the Court with any evidence that $350.00 is the customary hourly rate for similar legal

---

[2] "A court, however, 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir. 1988)).

services, *i.e.,* legal services in a FLSA action in the Southern District of Alabama.  Instead, this Court has found that $250.00 to $300.00 per hour was a customary hourly rate for experienced and qualified attorneys in FLSA actions.  *See Goldsby v. Renosol Seating, LLC*, 2013 WL 6535253, at *9 (S.D. Ala. Dec. 13, 2013) ("[T]his Court's customary hourly rates for attorneys ... range[] from $250.00 to $300.00 for more experienced and qualified attorneys, $150.00 to $225.00 for less experienced attorneys and associates with few years of practice…").[3]  Thus, the Court is hesitant to find that $350.00 is the customary hourly rate in this FLSA action.  However, the parties represent that they separately negotiated the attorney's fees after they engaged in good faith and arms length negotiations to settle Plaintiff's claims.  Also there is no indication that settling the issue of attorney's fees had an adverse effect or negative influence upon the fairness of the settlement of Plaintiff's claims. Therefore, the Court approves the agreed-upon[4] hourly rate of $350.00, but approval of that hourly rate is specifically limited to this action.

Multiplying twenty hours times $350.00 yields a lodestar of $7,000.00.  Because "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve" *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted), and because the parties represent that the attorneys' fees were separately negotiated, the Court approves the agreed-upon amount of $7,000.00 as a reasonable attorney's fee to be

---

[3] Although Plaintiff's counsel did not provide any information as to his experience or qualifications, the Court previously determined that Plaintiff's counsel had been a member of the Alabama Bar since 1997. *See Brown v. Thyme Restaurant, LLC,* Civil Action No. 15-0451-KD-B (Doc. 23) (S.D. Ala. March 25, 2016).

[4] *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001) ("[T]he agreed-upon billing rate is a strong indication of a reasonable rate" and is "relevant evidence to determine the fee rate, but it is not necessarily determinative.").

paid by Defendants.

Moreover, a "lodestar analysis is not always required." *Lyons v. Beef O'Brady's,* 2015 WL 5602452, at *2 (S.D. Ala. Sept. 23, 2015). "[P]ersuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where 'the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff,' except in circumstances where 'the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney.' " *Id.* (quoting *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *7 n. 4 (S.D. Ala. Feb. 14, 2013) quoting in turn *Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)).

As to costs, Plaintiff state that he has incurred costs of $500.00 in this action, but he did not provide the Court with any evidentiary support.  However, the docket indicates that Plaintiff paid a filing fee of $400.00 (doc. 1).  Additional costs or expenses of $100.00 do not appear unreasonable. And again, the parties separately negotiated the costs. Therefore the Court approves the expenses as reasonable.

4. <u>Approval of the Settlement Agreement</u>

Upon consideration of the foregoing and review of the terms of the Settlement Agreement, the Court approves the Settlement Agreement as set forth in the parties' Joint Motion (doc. 23, p. 4-8), as a fair and reasonable settlement of Plaintiff's FLSA claims.

III. <u>Conclusion</u>

For the reasons set forth, the parties' Joint Motion to Approve Settlement Agreement is GRANTED.  Accordingly, it is ORDERED that

1. The Settlement Agreement as set forth in the Joint Motion (doc. 23, p. 4-8) constitutes

the parties' entire Settlement Agreement.

2. The Settlement Agreement is approved as a fair and reasonable resolution of a bona fide dispute of FLSA provisions.

3. Judgment shall be entered in favor of Plaintiff Andre Buchanan and against Defendants in the total amount of $13,100.54, allocated as follows:

a. To Plaintiff Buchanan, the sums of $2,800.27 in back pay and $2,800.27 in liquidated damages, for a total of $5,600.54.

b. To Plaintiff's counsel, the sums of $7,000.00 as an attorney's fee and costs of $500.00, for a total of $7,500.00.

4. This action is DISMISSED with prejudice.

DONE and ORDERED this the 3rd day of April 2017.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**